IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PRINCE, LOBEL, GLOVSKY & TYE, LLP <br><br> **Plaintiff** <br><br> v. <br><br> ANDRÉS GUILLEMARD GINORIO, his wife MARIA M. NOBLE FERNANDEZ, and THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; and LONE STAR INSURANCE PRODUCERS, INC., <br><br> **Defendants** <br><br> and <br><br> JUAN CARLOS PUIG, Secretary of the Treasury of Puerto Rico, in his Official Capacity and not Individually, <br><br> **Defendant** | Civil No. 10-1196 |

## COMPLAINT

### INTRODUCTION

This is an action for breach of contract and for declaratory relief. Plaintiff seeks to recover attorneys' fees owed pursuant to an agreement in writing. Plaintiff also seeks preliminary and permanent injunctive relief restraining the Secretary of the Treasury of the Commonwealth of Puerto Rico from distributing certain funds to the other defendants. The Secretary is named as a defendant herein for that purpose only.

## PARTIES

1. Plaintiff Prince, Lobel, Glovsky & Tye LLP ("Prince Lobel" or "the Firm") is a limited partnership organized under the laws of the Commonwealth of Massachusetts. It is a law firm with offices at 100 Cambridge Street, Boston, Massachusetts. None of the partners are citizens of the Commonwealth of Puerto Rico.

2. Defendant Andrés Guillemard Ginorio (Guillemard) is an individual residing in San Juan, Puerto Rico.

3. Defendant María M. Noble Fernández ("Mrs. Guillemard") is an individual residing in San Juan, Puerto Rico. She is the wife of defendant Guillemard.

4. Defendant Lone Star Insurance Producers, Inc. ("Lone Star") is a corporation duly organized and existing under the laws of Puerto Rico. It maintains offices and conducts insurance business in Santurce, Puerto Rico.

5. Defendants Guillemard and Mrs. Guillemard are the owners of Lone Star. These three defendants are referred to in this Complaint as the "Lone Star Defendants" or "the Clients."

6. Defendant Juan Carlos Puig is the Secretary of the Treasury of the Commonwealth of Puerto Rico. He is named as a defendant herein in his official capacity only.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over the Plaintiffs' claims, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

8. Venue is proper under 28 U.S.C. § 1391(a).

9. An actual controversy has arisen between the parties, and declaratory relief is appropriate pursuant to 28 U.S. Code §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

A.  Facts Pertaining to the Agreement Between the Parties and the Underlying Lawsuit

10. On January 8, 2004, Prince Lobel entered into an agreement in writing with the Lone Star Defendants (the "Agreement"). The Firm agreed to represent the Lone Star Defendants in a federal Section 1983 lawsuit filed in Puerto Rico (the "Underlying Lawsuit"). Guillemard signed the Agreement on behalf of himself and also on behalf of Mrs. Guillemard and Lone Star. Guillemard has, at all times, acted on behalf of the Lone Star Defendants. A copy of the Agreement is appended to this Complaint as Exhibit 1.

11. The provisions of the Agreement material to this Complaint are as follows:

   a. Prince Lobel agreed to prosecute the Underlying Lawsuit on behalf of the Clients by analyzing the facts and law, taking discovery, preparing the case for trial, trying the case, and performing other necessary and appropriate work.

   b. Prince Lobel agreed to charge for its services on the basis of hourly rates combined with a contingent fee.

   c. The Agreement provided that the Firm would submit monthly bills summarizing all services performed and the full hourly rates for those services, together with out-of-pocket costs incurred. The Lone Star defendants agreed to make monthly payments of a portion of the charges based on a approximately two-thirds of the monthly time charges, plus disbursements, with such payments to be made monthly. These reduced hourly charges are referred to herein as the "base charges."

   d. The Agreement provided that fees in addition to the base charges would be paid in the event of either of two contingencies set forth in the Agreement.

        i.      The first contingency was that if the lawsuit resulted in obtaining declaratory or injunctive relief, then the Lone Star defendants agreed to pay Prince Lobel the balance of the Firm's charges based on full hourly rates.

        ii.     The second contingency was that if the Lone Star defendants recovered monetary damages, then the Lone Star defendants would pay Prince Lobel, in addition to its full hourly rates, a fee equal to 16.6% of the monetary recovery.

12.    Prince Lobel performed all of its obligations under the Agreement.

13.    The Underlying Lawsuit was filed in this Court on December 10, 2003, Docket No. 03-cv-02317 (PG). The initial complaint named Guillemard, Mrs. Guillemard, and Lone Star as plaintiffs; and Fermín M. Contreras Gómez (Contreras), individually and as Insurance Commissioner of Puerto Rico, together with his spouse Jane Doe and the Conjugal Partnership constituted by them, as defendants.

14.    On December 23, 2003, defendant Contreras issued an Order suspending Guillemard's, Mrs. Guillemard's and Lone Star's insurance licenses. An Amended Complaint was then filed, alleging claims in addition to those alleged in the initial Complaint, and seeking immediate injunctive relief.

15.    On December 31, 2003, the Court (Garcia-Gregory, J.) entered a temporary restraining order preventing the suspensions ordered by Contreras from going into effect. On January 20, 2004, an evidentiary hearing was held, and on February 4, 2004, the Court entered a preliminary injunction maintaining the restraining order in effect.

16.    In January of 2004, Dorelise Juarbe (Juarbe) succeeded Contreras as Insurance Commissioner, and Juarbe was thereafter added as a defendant.

17. Between January 1, 2004 and the trial, the parties in the Underlying Lawsuit took extensive written and oral discovery. In addition, the parties filed numerous motions and appeared many times before the Court. Defendants Contreras and Juarbe took two interlocutory appeals to the First Circuit Court of Appeals, both of which were decided in favor of the Lone Star Defendants. The Court's opinions are reported at 161 Fed.Appx. 24 (1st Cir. 2005) and 490 F.3d 31 (1st Cir. 2007).

18. On September 17, 2007, trial of the Underlying Lawsuit commenced before Hon. Juan M. Perez-Gimenez and a jury. On October 8, 2007, the jury returned a verdict in favor of the Lone Star Defendants in the amount of $4,755,000.

19. On October 19, 2007, the Court entered Judgment on the jury's verdict. Pursuant to 28 U.S.C. § 1961, interest has accrued on said judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The interest rate applicable to the Judgment in the Underlying Lawsuit is 4.24%, which is the weekly average for the week ending October 12, 2007. See http://www.utd.uscourts.gov/documents/judgpage.html.

20. On December 10, 2007, the Court entered an Order permanently enjoining defendant Juarbe from taking any action to enforce an outstanding "Resolution" against the Clients and from taking any action to enforce certain outstanding subpoenas. On January 8, 2008, the Court (Perez-Gimenez, J.) issued an "Opinion & Order" granting permanent injunctive relief. As a result, the Lone Star Defendants' licenses have at all times remained in full force and effect, enabling them to conduct Lone Star's business without interruption.

21. On March 18, 2009, this Honorable Court (Perez-Gimenez, J.) entered an award of attorneys fees in the total amount of $1,525,580.30, retroactive to August 25, 2008, and an additional $23,368.19 in costs and expenses.

22.     Defendants Contreras and Juarbe appealed from the Judgment entered on October 19, 2007.

23.     On July 18, 2008, defendants Contreras and Juarbe filed a motion seeking to set aside the Court's order requiring that they post a supersedeas bond in the Underlying Lawsuit. A copy of the motion is appended as Exhibit 2.

24.     Together with their motion, defendants Contreras and Juarbe filed a "Resolution Regarding Payment of Judgment," executed by the Secretary of Justice. That Resolution provides, under the relevant provisions of Puerto Rico law, that the Commonwealth of Puerto Rico will assume full responsibility for payment of the judgment against Contreras and Juarbe, including attorneys' fees and costs awarded by the Court. A copy of the Resolution as submitted to this Court, in both Spanish and English, is attached as Exhibit 3.

25.     On August 8, 2008, the Court of Appeals for the First Circuit entered an Order relieving defendants Contreras and Juarbe from filing a bond, based on the Secretary of Justice's "firm and binding commitment" obligating the Treasurer to pay the full amount of the judgment, costs and attorneys' fees. A copy of the First Circuit's Order is attached as Exhibit 4.

26.     On October 29, 2009, the Court of Appeals affirmed the Judgment of the district court in all respects. The Court's opinion is reported at 585 F.3d 508 (1st Cir. 2009).

27.     On December 9, 2009, this Court taxed costs against the defendants, in addition to those earlier awarded by the Court, in the amount of $44,486.27

28.     On December 16, 2009, this Court entered a further award of attorneys fees in the amount of $225,989.29 plus further costs and expenses of $5,425.74.

B.    Facts Pertaining to the Present Fee Dispute

29. Prince Lobel has worked more than 6000 hours on behalf of the Lone Star Defendants, both in this Court and before the Court of Appeals.

30. In accordance with the terms of the Agreement, Prince Lobel has submitted monthly bills to the Clients. These bills described all services performed, the amount of time devoted to each task, and the hourly charges, based on the Firm's hourly rates, for each attorney and paralegal. These bills also included all out-of-pocket costs incurred on behalf of the Clients. At no time did the Clients ever question or object to any of these bills.

31. The total amount of the Firm's hourly charges, for all services rendered to the Clients, is $1,669,651. Under the terms of the Agreement, the Firm is entitled to be paid that amount. To date the Clients have paid the Firm $948,000 on account of services rendered (not including payments to reimburse the Firm for out-of-pocket costs).

32. The Firm was successful in obtaining injunctive relief (see paragraphs 15 and 20, above), thereby satisfying the contingency under the Agreement entitling the Firm to be paid its hourly time charges in full. The outstanding balance of those charges is $721,651.

33. The Firm is also entitled to recover fees under the second contingency set forth in the Agreement. The jury awarded monetary damages of $4,755,000, and interest has accrued thereon since the entry of Judgment on October 19, 2007, at the rate of 4.24% per annum.

34. As of March 8, 2010, the monetary damages portion of the judgment in the Underlying Lawsuit, with interest, is $5,235,554.40. Daily interest thereafter is $552.36.

35. In accordance with the Resolution of the Secretary of Justice, as of February 17, 2010, the Commonwealth of Puerto Rico owes the Clients more than $7,000,000, including damages, attorneys' fees, interest and costs.

36. Under the terms of the Agreement, the Clients owe the Firm 16.6% of monetary damages recovered in the Underlying Lawsuit. Accordingly, as of March 8, 2010, the Clients owe the Firm 16.6% of $5,235,554.40,687.88, which is $869,102.03. This is in addition to the balance of hourly time charges set forth in the preceding paragraph 32.

37. Prince Lobel seeks to recover in this action the full amount owed to the Firm by the Clients in the amount of $1,590,753.03 (as of March 8, 2010).

38. The Firm is informed, believes and therefore alleges that the Secretary of the Treasury owes the Clients, in accordance with the Orders and Judgment of this Court and the Resolution of the Secretary of Justice, in excess of $7,000,000.

39. Prince Lobel has attempted in good faith to resolve this matter without the necessity of filing suit, but has been unsuccessful in doing so. The Firm therefore is informed, believes and alleges that an actual controversy exists between it and the Clients.

## REQUESTS FOR RELIEF

WHEREFORE, plaintiff Prince Lobel requests the following relief:

1. A preliminary injunction ordering the defendant Secretary of the Treasury to deposit with this Court the sum of $1,700,000 from amounts owed to defendants herein, to be held by this Court in a separate, interest-bearing account until final disposition of this Complaint;

2. A preliminary injunction ordering the defendant Secretary of the Treasury to withhold $1,700,000 from amounts owed to defendants herein;

3. That defendant Secretary of the Treasury be ordered to include in the budget for fiscal year 2010-2011 sufficient funds to pay the existing judgment in the Underlying Lawsuit, with interest;

4. That the Court enter judgment against defendants in the amount of $1,590,753.03, plus interest and costs;

5. That the Court declare and determine that the Agreement attached as Exhibit 1 is valid and binding in all respects;

6. That the Court declare and determine that the Lone Star Defendants are indebted to plaintiff in the full amount of the unpaid hourly time charges;

7. That the Court declare and determine that the Lone Star Defendants are indebted to plaintiff, pursuant to the Agreement, in an additional amount equal to 16.6 percent of the defendants' monetary recovery including interest thereon at the federal interest rate applicable thereto from October 19, 2007;

8. That the Court award such other and further relief as may be just and appropriate.

Respectfully submitted,

Prince, Lobel, Glovsky & Tye, LLP

By its attorney,

/s/ Ruben Nigaglioni
Ruben Nigaglioni
USDC-PR 119901
NIGAGLIONI + FERRAIUOLI
255 Recinto Sur, Second Floor
Old San Juan, Puerto Rico  00901
Telephone: (787)765-9966
Email: ruben@nf-legal.com

Dated: March 8, 2010