IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PRINCE, LOBEL, GLOVSKY & TYE, LLP<br><br>Plaintiff<br><br>v.<br><br>ANDRÉS GUILLEMARD GINORIO, his wife MARIA M. NOBLE FERNÁNDEZ, and THE CONJUGAL PARTNERSHIP CONSTITUTED BY THEM; and LONE STAR INSURANCE PRODUCERS, INC.,<br><br>Defendants<br><br>and<br><br>JUAN CARLOS PUIG, Secretary of the Treasury of Puerto Rico, in his Official Capacity,<br><br>Defendant | CIVIL 10-1196 (JAG) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to lift stay and for immediate injunctive relief filed by plaintiff, Prince, Lobel, Glovsky & Tye LLP ("PLGT") pursuant to Rule 65 of the Federal Rules of Civil Procedure on July 29, 2010. (Docket No. 58.) The motion was opposed by the defendants, Andrés Guillemard-Ginorio, his wife María M. Noble-Fernández, and the conjugal partnership constituted by them; Lone Star Insurance Producers, Inc. ("LSIP") (hereinafter "Lone Star defendants"); and Juan C. Puig-Morales in his official capacity as

CIVIL 10-1196 (JAG)                            2

Secretary of the Puerto Rico Department of Treasury, on August 3 and 4, 2010, respectively. (Docket Nos. 60 & 61.) This matter was referred to me for report and recommendation on August 10, 2010. (Docket No. 62.) For the reasons set forth below, I recommend that plaintiff's motion be DENIED.

## I.  BACKGROUND

On March 8, 2010, plaintiff filed a complaint for breach of contract. (Docket No. 1.) On January 8, 2004, plaintiff entered into an agreement with the Lone Star defendants to represent them in a federal section 1983 lawsuit that was filed in this court, Guillermard-Ginorio, et al. v. Contreras, et al., Civil No. 03-2317 (PG). (Id. at 3, ¶ 10.) Plaintiff alleges that even though the jury returned a verdict in favor of the defendants in the amount of $4,755,000, they have not been paid in full for the services that were rendered in trying the case. (Id. at 5, ¶ 18 & at 7, ¶ 31.)

On March 23, 2010, plaintiff moved for preliminary injunction. (Docket No. 15.) The motion was referred to me for a hearing and report and recommendation on March 29, 2010. (Docket No. 26.) On April 12, 2010, a conference was held in which the parties stipulated to the issuance of an order under seal. (Docket No. 59-1.) The order provided that the defendants would be released from any liability after PLGT was paid the $1,400,000 that was owed to them for their services plus interest. (Id. at 1-2, ¶ 2.) Also, the order provided

CIVIL 10-1196 (JAG)                                    3

that all proceedings in this case were going to be stayed until July 31, 2010, or until judgment was paid in the <u>Contreras</u> case whichever occurred first. (<u>Id</u>. at 2, ¶ 4.)

On July 22, 2010, plaintiff was sent a letter in which it was informed that pursuant to the stipulated order under seal a check in the amount of $1,120,000 was being enclosed and that another check for $280,000 (20% of the $1,400,000 that was owed to plaintiff) had been sent to the Puerto Rico Department of Treasury ("PRDT") pursuant to section 1147 of the Puerto Rico Internal Revenue Code. (Docket No. 59-3.)

On July 29, 2010, plaintiff filed a motion to lift stay and for immediate injunctive relief. (Docket No. 58.) Plaintiff argues that the defendants have failed to comply with the agreements that were made on April 12, 2010. (<u>Id.</u> at 1.) Plaintiff claims that the decision to withhold the money that was sent to the PRDT was made unilaterally, without any notice and without any consultation. (Docket No. 59, at 3, ¶ 8.) Plaintiff claims that it does not know whether or not the money was in fact withheld and sent to the PRDT. (<u>Id.</u> ¶ 10.) Moreover, plaintiff contests that only 15% of the services rendered represents gross income from sources within Puerto Rico that is subject to taxation. (<u>Id.</u> ¶ 11.) Plaintiff claims that since the remaining 85% of the service income was generated in Massachusetts, it is not subject to taxation under sections 1123(c)(3) and 1231 of the Puerto Rico

CIVIL 10-1196 (JAG)                            4

Internal Revenue Code. (Id.) Plaintiff thus requests that a temporary restraining order be entered ordering the defendants to deposit the $280,000 with this court if the money was not remitted to co-defendant, the Secretary of the Treasury. (Docket No. 58, at 2, ¶ 1(a).) If the money was remitted, plaintiff requests that the Secretary of the Treasury be ordered to deposit said funds with this court pending resolution of this case. (Id. ¶ 1(b).) Also, plaintiff requests that after a hearing is conducted a preliminary injunction be issued on the same grounds and that an order be entered requiring the defendants to show cause as to why the $280,000 should not be immediately remitted, less only such amount as may be required to be withheld under Puerto Rico law, plus unpaid interest from April 12, 2010, in accordance with the stipulated order. (Id. ¶¶ 2 & 3.)

On August 3 and 4, 2010, the defendants opposed plaintiff's motion. (Docket Nos. 60 and 61.) They argue that plaintiff's request for injunctive relief is moot because the withholding tax has already been paid directly to the PRDT. (Docket No. 60, at 2, ¶ 3.) As to the issue regarding the amount of money withheld, the defendants argue that is an administrative matter that cannot be addressed by the court. (Id.) With respect to plaintiff's claim regarding the interests that have accrued since April 12, 2010, the defendants acknowledge that due to an oversight the interest was not included in the check that was sent. According to the defendants, $1,711 in interest accrued between April 12, 2010

CIVIL 10-1196 (JAG)                      5

and July 22, 2010 (the computation is based on an interest rate of 0.44%).  (Id. at 2-3, ¶ 4.)  A check for said amount was deposited in this court.  (Docket No. 60, at 3.)  The defendants further argue that the motion to lift stay is also moot because the stay expired on July 31, 2010, and because payment was received by plaintiff.  (Id. ¶ 5.)  Finally, the defendants argue that the court lacks personal jurisdiction over the Secretary of the Treasury because he was not properly served with summons and copy of the complaint.  (Docket No. 61, at 2, ¶ 5.) Additionally, they claim that  even if it is assumed that service was performed, the court would still lack subject matter jurisdiction because there would not be complete diversity.  (Id. ¶ 6.)

## II.  STANDARD OF REVIEW

In order to determine whether the moving party is entitled to preliminary injunctive relief a district court must consider:  "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest."  González-Droz v. González-Colón, 573 F.3d 75, 79 (1st Cir. 2009) (quoting Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008)); see Telerep Caribe, Inc. v. Zambrano, 146 F. Supp. 2d 134, 137 (D.P.R. 2001).   It is important to point out that "[a] preliminary injunction 'is

CIVIL 10-1196 (JAG)                              6

traditionally viewed as relief of an extraordinary nature and does not purport to be a disposition of the matter on its merits.'" Francisco-Sánchez v. Esso Standard Oil Co., 572 F.3d 1, 14 (1st Cir. 2009) (quoting United States v. Sch. Dist. of Omaha, 367 F. Supp. 179, 193 (D. Neb. 1973)).  Thus, "[t]he party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor."  L.L. Bean, Inc. v. Bank of Am., 630 F. Supp. 2d 83, 86 (D. Me. 2009) (citing Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006)).  "This burden is a heavy one: 'Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.'"  L.L. Bean, Inc. v. Bank of Am., 630 F. Supp. 2d at 86 (quoting Friends of Magurrewock, Inc. v. U.S. Army Corps of Eng'rs, 498 F. Supp. 2d 365, 369 (D. Me. 2007)).  Accordingly, "[a]  judge should exercise the authority to grant such injunctive relief 'sparingly.'"  Animal Welfare Inst. v. Martin, 588 F. Supp. 2d 70, 86 (D. Me. 2008) (citing Mass. Coalition of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness, 649 F.2d 71, 76 n.7 (1st Cir. 1981)).

III.  ANALYSIS

A.  LIKEHOOD OF SUCCESS ON THE MERITS

Loan Star defendants withheld and paid to the Puerto Rico Department of Treasury $280,000 to comply with their withholding tax obligations as stated in

CIVIL 10-1196 (JAG)  7

section 1147 of the Puerto Rico Internal Revenue Code, P.R. Laws Ann. tit. 13, § 8547(a). Plaintiff claims that the decision to withhold the money was made unilaterally.

The $280,000 withheld tax has already been paid to the PRDT. (Docket No. 59-3.) The disagreement between the parties is based on their interpretation of state law administered by the PRDT. In this particular case, the applicability of the Puerto Rico Internal Revenue Code should be raised at the administrative agency responsible for its enforcement. Plaintiff has not provided enough information to sustain either the correctness of its interpretation or the consequences of the defendants' alleged error. I cannot find that there is a likelihood that the plaintiff's interpretation of the Puerto Rico Internal Revenue Code will prevail, or that plaintiff will prevail on the merits.

### B. SIGNIFICANT RISK OF IRREPARABLE HARM

Although the plaintiff did not made an effort to establish the injunctive relief's requirements, there is no indication that plaintiff would be irreparably harmed in the absence of injunctive relief. "A federal court must find a cognizable threat of irreparable harm as an essential prerequisite to the issuance of a preliminary injunction." Vieques Conservation & Historical Trust v. Bush, 140 F. Supp. 2d 127, 134 (D.P.R. 2001) (quoting Ralph v. Lucent Tech., Inc., 135 F.3d 166, 170 (1st Cir. 1998)).

CIVIL 10-1196 (JAG)                              8

Plaintiff seeks to enjoin the Loan Star defendants to remit the quantity of $280,000 to the plaintiff, or if paid to the PRDT, order the Secretary "to deposit said funds with this Court pending resolution of this case . . . and resolution of the correct amount of money that should be withheld in accordance to the portion of the work that was actually performed in Puerto Rico" by them.  (Docket No. 58, at 2, ¶¶ 1(a) & 1(b).)  This quantity has already been paid to the PRDT (Docket No. 59-3), reason for which it can not be remitted to the plaintiff.  The harm suffered by plaintiff is merely pecuniary as a result of a disagreement between the Loan Star defendants and the plaintiff, regarding the withholding tax obligations.  "Monetary damages are generally not considered irreparable injuries." W. Holding Group, Inc. v. The Mayagüez Port Comm'n, 611 F. Supp. 2d 149, 190 (DPR 2009) (citing DeNovellis v. Shalala, 135 F. 3d 58, 64 (1st Cir. 1998)).  "In the preliminary injunction context, irreparable injury is one that cannot be adequately 'compensated for either by a later-issued permanent injunction . . . or by a later-issued damages remedy.'" W. Holding Group, Inc. v. The Mayagüez Port Comm'n, 611 F. Supp. 2d at 190 (quoting Río Grande Community Health Ctr., Inc. v. Rullán, 397 F. 3d 56, 76 (1st Cir. 2005)).

Monetary damages do not constitute irreparable harm.  Thus, plaintiff has not satisfied an essential prerequisite for granting the preliminary injunctive relief.  Plaintiff also requests "[t]hat the Court enter an order requiring defendants to

CIVIL 10-1196 (JAG) 9

show cause why they should not immediately remit the sum of $280,000, less only such amount as may be required to be withheld under Puerto Rico law, plus unpaid interest from April 12, 2010 . . . . " (Docket No. 58, at 2, ¶ 3.) Regarding the unpaid interest, the "[d]efendants acknowledge that due to an oversight, the interest was not included in the check that was given to PLGT" (Docket No. 60, at 2, ¶ 4), and correct it by depositing the amount in this court on August 4, 2010, making this matter moot.

### C. BALANCE OF HARDSHIP

"Weighing the hardships of each party is a fact-driven exercise." Telerep Caribe, Inc. v. Zambrano, 146 F. Supp. 2d at 145. Plaintiff alleged that the amount withheld is not accurate and recognizes that Loan Stars defendants withheld the tax obligation under the Puerto Rico Revenue Code. Loan Star defendants have apparently complied with their obligation and paid the amount to the PRDT.

Plaintiff has already been paid $1,120,000 of the $1,400,000 owed to them for their services plus interest. Plaintiff has not established how the withheld amount represents a hardship. The court has not been placed in a position to weigh the respective hardships.

### D. PUBLIC INTEREST

CIVIL 10-1196 (JAG)                                    10

Plaintiff has not provided any information that ordering a preliminary injunctive relief would be in accordance with the public interest.

## VI.  CONCLUSION

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." W. Holding Group v. The Mayaguez Port Comm'n, 611 F. Supp. 2d at 192.  This case does not warrant or welcome such an exercise of power. For the reasons set forth above, I recommend that plaintiff's motion to lift stay and for immediate injunctive relief should be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13,

CIVIL 10-1196 (JAG) 11

14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 20th day of October, 2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge