IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PRINCE, LOBEL, GLOVSKY & TYE, LLP,<br><br>**Plaintiff**<br><br>v.<br><br>ANDRES GUILLEMARD-GINORIO, <u>at al.</u>,<br><br>**Defendant** | **CIVIL NO.** 10-1196 (JAG) |

**OPINION AND ORDER**

On January 8, 2004, Prince, Lobel, Glovsky & Tye, LLP ("Plaintiff") entered into an agreement with Andres Guillemard, his wife and their business enterprise, Lone Star Insurance, ("Lone Star Defendants") to represent them in a lawsuit filed in this Court against the Office of the Insurance Commissioner of the Commonwealth of Puerto Rico, among others (<u>Guillermard-Ginorio, et al. v. Contreras, et al.</u>, Civil No. 03-2317 (PG)). (Docket No. 1, ¶ 10).

On March 8, 2010, Plaintiff filed a complaint against the Lone Star Defendants for breach of contract and against the Secretary of the Treasury of the Commonwealth of Puerto Rico. (Docket No. 1). It alleged that a jury had returned a verdict in favor of its former clients in the amount of $4,755,000 but that

it had not been paid for the legal services it rendered during the suit in question.[1] Id. at ¶¶ 18, 31.

On March 23, 2010, Plaintiff moved for a preliminary injunction. (Docket No. 15). In essence, it requested that the Secretary of the Treasury be ordered to deposit in Court the amount of the judgment and that the Lone Star Defendants be ordered to refrain from affecting its interest in said judgment. The motion was referred to a Magistrate Judge. (Docket No. 26). On April 9, 2010 the Lone Star Defendants and the Secretary of the Treasury filed separate motions to dismiss for insufficient service of process. (Docket Nos. 39, 47).

On April 12, 2010, a conference was held before Chief Magistrate Judge Arenas in which the Plaintiff and the Lone Star Defendants agreed to the issuance of a Stipulated Order Under Seal. (Docket No. 54). Said order provides that the Lone Star Defendants would be released from any liability after Plaintiff was paid $1,400,000 plus interest. Id. at ¶ 2. Also, the order provided that all proceedings in this case were to be stayed until July 31, 2010, or until judgment was paid in the Contreras case, whichever occurred first. (Id. at 2, ¶ 4.)

On July 22, 2010, the Lone Star Defendants sent Plaintiff a letter in which they stated that, pursuant to the order, they

---

[1] As prescribed by Puerto Rico law, the Treasury assumed the responsibility of paying the judgment, including costs and attorneys fees.

Civil No. 10-1196 (JAG)                                                  3

were enclosing a check for $1,120,000. It further stated that $280,000 (20% of $1,400,000) had been withheld and sent to the Treasury, pursuant to Section 1147 of the Puerto Rico Internal Revenue Code, 13 P.R. Laws. Ann. § 8547 (2010). (Docket No. 59-3).

On July 29, 2010, Plaintiff filed a Motion to Lift Stay and for Immediate Injunctive Relief. (Docket No. 58). In the motion, Plaintiff argues that the Lone Star Defendants have failed to comply with the Stipulated Order Under Seal. Id. at 1. Plaintiff claims that the decision to withhold the amount in dispute was made unilaterally and without any notice. (Docket No. 59, ¶ 8.) It contests that only 15% of the services rendered constitute gross income from sources within Puerto Rico. Id. at ¶ 11. Plaintiff further claims that since the remaining 85% of the service income was generated in Massachusetts, it is not subject to taxation under sections 1123(c)(3) and 1231 of the Puerto Rico Internal Revenue Code, 13 P.R Laws Ann. §§ 8523 and 8615 (2010).

Plaintiff thus requests that a temporary restraining order be entered directing the Lone Star Defendants to deposit $280,000 in Court if the money was not remitted to the Secretary of the Treasury. (Docket No. 58, ¶ 1(a)). If the money was remitted, Plaintiff requests that the Secretary of the Treasury be ordered to deposit said funds in Court pending resolution of

this case. Id. ¶ 1(b). Plaintiff also requests that, after a hearing is conducted, a preliminary injunction be issued on the same grounds and that an order be entered requiring the Lone Star Defendants to show cause as to why the amount in question should not be immediately remitted, less only such amount as may be required to be withheld under Puerto Rico law, plus unpaid interest from April 12, 2010, in accordance with the stipulated order. Id. at ¶¶ 2, 3.

On August 3 and 4, 2010, the Lone Star Defendants filed their opposition. (Docket Nos. 60 and 61). They argue that the request for injunctive relief is moot because the withholding tax has already been paid directly to the Treasury. (Docket No. 60, ¶ 3). Regarding the dispute surrounding the amount of money withheld, the Lone Star Defendants posit that it is an administrative matter that cannot be addressed by this Court. Id. With respect to Plaintiff's claim in relation to the interest that has accrued since April 12, 2010, the Lone Star Defendants acknowledge that due to an oversight the interest was not included in the check that was sent. A check for the interest accrued between April 12, 2010 and July 22, 2010 ($1,711) was deposited in this Court by the Lone Star Defendants. (Docket No. 60, ¶ 4).

The Lone Star Defendants further argue that Plaintiff's motion is also moot because the stay expired on July 31, 2010,

Civil No. 10-1196 (JAG)                                              5

and because payment was received by Plaintiff. Id. ¶ 5. They request that the case be dismissed with prejudice since they complied with all the terms of the Stipulated Order Under Seal.

The Secretary of the Treasury, without submitting to this Court's jurisdiction, also opposed Plaintiff's motion. He reasserted the arguments he made in his Motion to Dismiss. (Docket No. 39). To wit, that the Court lacks personal jurisdiction over him because service of process was not duly completed. (Docket No. 61, ¶ 5). Additionally, it claims that even if it is assumed that service was performed, the Court would lack subject matter jurisdiction because there would not be complete diversity. Id. at ¶ 6.

Plaintiff's Motion to Lift Stay and for Immediate Injunctive Relief was referred to Chief Magistrate Judge Arenas for a Report and Recommendation. (Docket No. 62). He recommended that the motion be denied because the case does not warrant the issuance of a preliminary injunction. (Docket No. 63). Plaintiff requested an extension of time to file objections to the Report and Recommendation, but failed to do so. (Docket Nos. 64, 65).

The following motions are pending before the Court: Motion for Preliminary Injunction (Docket No. 15); Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(5) as to the Secretary of the Treasury (Docket No. 39); Rule 12(B)(5) Motion to Dismiss for Insufficient Service of Process filed by the Lone Star

Defendants (Docket No. 47); Motion to Lift Stay and for Immediate Injunctive Relief (Docket No. 58); and a Report and Recommendation (Docket No. 63).

## ANALYSIS

Given that the Lone Star Defendants submitted to this Court's jurisdiction by stipulating before Chief Magistrate Judge Arenas to the issuance of an order under seal, their Rule 12(B)(5) Motion to Dismiss for Insufficient Service of Process (Docket No. 47) is moot. Furthermore, the issuance of the stipulated order by Magistrate Judge Justo Arenas also renders Plaintiff's first Motion for Preliminary Injunction (Docket No. 15) moot, since the stipulation had the purpose of securing Plaintiff's financial interest in the settlement.

The Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(5) as to the Secretary of the Treasury (Docket No. 39), which has not been opposed by Plaintiff, is hereby granted. The Federal Rules of Civil Procedure mandate that service of process must be performed according to state law. Rule 4.4 of the Puerto Rico Rules of Civil Procedure indicates that in addition to serving a copy of the summons upon an official or head of a state agency, "[i]t would also be an indispensable requisite that in every proceeding against an official or agency of the Commonwealth of Puerto Rico, that is not a public corporation, that the Plaintiff serves a copy of the [s]ummons and the

[c]omplaint upon the Secretary of Justice or the person that he designates…." 32 P.R. Law Ann. Ap. III.

As can be easily surmised from the cited text, if a complaint is filed against a local government agency the Secretary of Justice must also be served with summons. In this case, only the Secretary of the Treasury was served. Plaintiff did not oppose the Secretary of the Treasury's motion to dismiss and did not attempt to correct its error. Since service of process was not carried out as mandated by law, this Court cannot exercise it jurisdiction over the Secretary of the Treasury. Therefore, dismissal of the complaint against said defendant is warranted.

Furthermore, after a *de novo* review and since no timely objections were filed, the Court hereby adopts the Magistrate Judge's Report and Recommendation (Docket No. 63) in its entirety and accordingly denies Plaintiff's Motion to Lift Stay and for Immediate Injunctive Relief (Docket No. 58). As a threshold issue, it must be noted that the Stipulated Order Under Seal states that "[a]ll proceedings in this case shall be stayed until July 31, 2010 or until the government pursuant to the attached letter pays the judgment whichever occurs first…." (Docket No. 54, ¶ 4. On the other hand, Docket No. 56 states "ORDER STAYING CASE until 07/31/2010 or until such time prior to that date as directed by the undersigned. Signed by Chief

Magistrate Judge Justo Arenas on 4/12/2010." Regardless of the arguments made by Plaintiff in relation to the Lone Star Defendants' alleged non-compliance with the stipulation, its request to lift the stay became moot on July 31, 2010, the date established in the cited orders as the stay's final date.

The Court has reviewed the Chief Magistrate Judge's conclusions regarding the four factors delineated by the First Circuit for the issuance of a preliminary injunction: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence if an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, in any, on the public interest." Gonzalez-Droz v. Gonzalez-Colon, 573 F.3d 75, 79 (1st Cir. 2009). The undersigned fully concurs with the Chief Magistrate Judge in his findings that the balance of the aforementioned factors does not tip the scale in favor of the issuance of an extraordinary remedy such as the preliminary injunction.

Finally, the only issue that remains before the Court related to Plaintiff's allegations that the Lone Star Defendants failed to comply with their obligations under the Stipulated Order Under Seal. The Lone Star Defendants argue that they were only complying with their legal duty to withhold and remit to the Treasury the non-resident tax established in Section 1147 of

the Puerto Rico Internal Revenue Code, *supra*. Plaintiff rebuts that only a part of the amount retained was actually subject to the tax and requests that this Court order either the Secretary of the Treasury or the Lone Star Defendants to deposit in this Court the amount in question, less only such amount as may be required to be withheld, pending resolution of this case.

The Court considers that the Lone Star Defendants have complied with their obligations under the Stipulated Order and that, pursuant to said order, dismissal with prejudice of the case is proper. Section 1147 of the Puerto Rico Internal Revenue Code, *supra*, clearly states that,

> All persons, in whatever capacity acting … having the control, receipt, custody, disposal, or payment on interest, rents or royalties, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, distributions … or any fixed or determinable annual or periodic gains, profits, or income … of any nonresident individual (but only to the extent that any of the above items constitutes gross income from sources within Puerto Rico), shall deduct and withhold from such annual or periodic gains, profits, and income, an amount equal to twenty-nine percent (29%) thereof if the recipient is an alien, and an amount equal to twenty percent (20%) thereof if the recipient is a citizen of the United States. 13 P.R. Laws Ann. § 8547.

This section also states that, "[w]here an overpayment of tax has occurred under this section, any refund or credit made under the provisions of § 8031 of this title shall be made to

Civil No. 10-1196 (JAG)                                                      10


the withholding agent unless the amount of such tax was not actually withheld by the withholding agent." Id. Section 6011 of the Internal Revenue Code, 13 P.R. Laws Ann. § 8031, regulates the requests of refunds when taxes are collected improperly or in excess of the amount due.

It is clear that the Internal Revenue Code regulates the claims process before the Treasury in cases, such as this one, where a taxpayer claims he or she paid in excess of what was owed. The Treasury, therefore, is the forum for the adequate resolution of Plaintiff's claims, not this Court. In light of the existence of an administrative process to resolve the only remaining issue pending before the Court, this case is hereby dismissed with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 19th day of January, 2011.

<div style="text-align:right">

s/ Jay A. García Gregory  
JAY A. GARCIA GREGORY  
U.S. DISTRICT JUDGE

</div>